# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID VIGIL,

      Plaintiff,

v.                                                                                         No. 18cv732 MV/KBM

TOM BLAINE,
Engineer, State of New Mexico,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 31, 2018 ("Complaint"), and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 31, 2018 ("Application"). For the reasons stated below, the Court will **DISMISS** this case without prejudice and **DENY** the Application as moot.

**Background**

Plaintiff claims underground water rights to land owned and farmed by his great grandfather beginning in the early 1900s. *See* Complaint at 2. Plaintiff submitted declarations of his claimed water rights to the State. The State responded stating:

> The Declarations . . . that you submitted with this office on September 26, 2015 are rejected and not accepted for filing with the Office of the State Engineer because your declarations describe lands that are within the boundaries of the Santa Fe stream system adjudication. The Santa Fe Basin adjudication is ongoing. Therefore, any claims to water rights within this area must be asserted in the Santa Fe adjudication, and not before the State Engineer. Our Litigation and Adjudication Program staff met with you on October 30th, 2015 and advised you that you could file your claims with the adjudication court.

Complaint at 8. Plaintiff later began a lawsuit in state court "requesting validation of [his] water rights claim," but that case was "dismissed because motion response was two weeks late." Complaint at 4. Plaintiff now asks this Court to "simply recognize the validity of this patent and small holding claim to my great grandfather (Simon Vigil) and further recognize [Plaintiff's] claim to water rights based on these deeds, which will act as a federal court adjudication." Complaint at 5.

**Discussion**

The Court does not have jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). All three conditions are met in this case. First, there is an ongoing adjudication of water rights in state court for water rights claims in the Santa Fe basin which is the location of Plaintiff's claimed water rights. Second, the state court provides an adequate forum to hear Plaintiff's water rights claims. New Mexico state law requires that the adjudication court determine the right to use water for all claimants in a stream system and enter a decree declaring those rights. *See* N.M.S.A. § 72-

2

4-19. Furthermore, the final judgment and decree of the state court adjudication is subject to review by the New Mexico Court of Appeals. Third, there is no question that the determination of water rights involves important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. The natural waters within the arid State of New Mexico "belong to the public and [are] subject to appropriation for beneficial use, in accordance with the laws of the state." N.M. Const. art. XVI, § 2.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court will deny Plaintiff's Application to proceed *in forma pauperis* as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 31, 2018, is **DENIED as moot.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

3